37 F.3d 1501
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Monico CAMPOS, Petitioner-Appellant,
v.
Howard PETERS, Respondent-Appellee.
 No. 93-3023.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 6, 1994.*
Decided Oct. 24, 1994.
 
 Before PELL, COFFEY and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Monico Campos appeals from the district court's denial of his petition for a writ of habeas corpus. 28 U.S.C. Sec. 2254. Campos was convicted by a jury of first degree murder and intentional homicide of an unborn child for the killing of his pregnant wife. He raises one issue on appeal: whether the trial court committed constitutional error during voir dire when it failed to ask one of the prospective jurors if she was pregnant. We affirm.
 
 
 2
 The Sixth Amendment and the Due Process clause of the Fourteenth Amendment guarantee a defendant the right to be tried before an impartial jury. Morgan v. Illinois, 112 S.Ct. 2222, 2229 (1992). Voir dire is the mechanism through which that right is assured. The trial court has wide discretion in choosing the course of inquiry during voir dire to ascertain whether the prospective jurors hold any bias or prejudice that would prevent them from reaching a verdict based solely on the evidence presented at trial. Mu'Min v. Virginia, 500 U.S. 415, 427 (1991). Failure to ask a specific question rises to the level of constitutional error only when the trial is rendered fundamentally unfair as a result of the question's omission; that is, the parties were unable to exercise reasonably their right to challenge.[1] Id. at 1905.
 
 
 3
 Campos argues that the victim's pregnancy was so "inextricably bound" with the issues of the case that failure to inquire into a potential juror's pregnancy risked the formation of a partial jury. Yet, not all pregnant jurors are inherently biased against defendants who are charged with killing pregnant women or their unborn children. The "implied bias" doctrine is applicable only in exceptional circumstances and only when the potential for substantial emotional involvement is inherent. Hunley v. Godinez, 975 F.2d 316, 319-20 (7th Cir.1992).
 
 
 4
 In Hunley, the hotel rooms of the sequestered jury were burglarized while the jurors slept. The case being tried involved a residential burglary and murder. Because, in addition to the striking similarity of the crimes, the defendant's first trial ended in deadlock, and the four jurors who did not favor conviction before the burglary changed their votes less than an hour after reconvening after the burglary, this court concluded that the jury's bias could be implied. Id. at 320. In contrast, Campos notes only that the prospective juror might have been pregnant. In light of Hunley, that fact alone is insufficient to establish a constitutional violation based on the doctrine of implied bias. Cf. United States v. Greer, 968 F.2d 433, 437 (5th Cir.1992) (en banc) (Jewish venire-members not constitutionally required to identify themselves where defendants, allegedly members of a group advocating white supremacy and anti-Semitism, were on trial for desecrating a temple and Jewish community center), cert. denied, 113 S.Ct. 1390 (1993).
 
 
 5
 Although Campos sought to avoid the empanelling of a juror who was biased towards an individual accused of murdering an unborn child, questioning a prospective juror about a possible pregnancy addresses this concern indirectly at best. During voir dire, the trial court explained the nature of the charges to the prospective jurors. Next, addressing the juror who appeared pregnant, the court held the following colloquy:
 
 
 6
 Q: The charges in this case, do those set you off thinking one way or the other before you have heard any evidence?
 
 
 7
 A: No.
 
 
 8
 Q: Do you have any belief, do you believe that the taking of the life of an unborn child is a crime or a wrong under all circumstances?
 
 
 9
 A: No.
 
 
 10
 Q: The principles of law, as I have indicated, you have any quarrel, you feel that you would be able to follow the principles of law which I give to you, the instructions as to the law?
 
 
 11
 A: Right.
 
 
 12
 Q: You have any quarrel with any of the principles of law which I referred to, the presumption of innocence, burden of proof?
 
 
 13
 A: No.
 
 
 14
 Q: So you could be fair to both sides in this matter?
 
 
 15
 A: Yes.
 
 
 16
 (Tr. 212-13). Upon further questioning, the prospective juror again confirmed that she did not believe that the taking of an unborn child's life was wrong in all circumstances and that she could follow the law in this case. (Tr. 240-41). Thus, contrary to Campos' claim, the state trial court inquired into the specific type of bias that, if present, would violate Campos' right to an impartial jury. Therefore his reliance on cases where the voir dire examination did not even minimally inquire into relevant biases is misplaced. See, e.g., Ham v. South Carolina, 409 U.S. 524, 526-27 (1973) (failure to inquire into racial bias); United States v. Dellinger, 472 F.2d 340, 368-70 (7th Cir.1972) (failure to question jurors about attitudes towards law enforcement agents, the youth culture, and the public protests against the Vietnam war where defendants charged with inciting 1968 Chicago riots), cert. denied, 410 U.S. 970 (1973).
 
 
 17
 Given the state trial court's great latitude in deciding what questions should be asked, Mu'Min, 500 U.S. at 424, we conclude that the voir dire examination in this case was constitutionally sufficient and did not render Campos' trial fundamentally unfair. The denial of the petition for a writ of habeas corpus is therefore AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Petitioner-Appellant filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied, the appeal is submitted on the briefs and the record
 
 
 [1]
 Campos argues consistently throughout his brief that due process also requires a voir dire examination that would allow for the reasonably knowledgeable exercise of a peremptory challenge. The Supreme Court, however, has stated that peremptory challenges are not constitutionally required, Ross v. Oklahoma, 487 U.S. 81, 88 (1988), and therefore, questions that would be useful in exercising such challenges are not mandated by the Constitution. Mu'Min, 500 U.S. at 424-25